IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT W. ANDERSON, § | | |
| TDCJ #1289121, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. G-07-0386 | |
| § | | |
| GEORGE A. AKINJIDE, *et al*,. § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

State inmate Robert W. Anderson (TDCJ #1289121, former TDCJ #194544, #22502) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Anderson proceeds *pro se* and *in forma pauperis*. Anderson has provided additional information about his claims by attaching numerous grievances to his complaint. At the Court's request, Anderson has also provided a more definite statement of his claims. (Doc. # 16). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

**I.     BACKGROUND**

Anderson is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Terrell Unit in Rosharon, Texas. Anderson sues several supervisory correctional officers employed by TDCJ at the

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

Stringfellow Unit, where Anderson was formerly assigned. The defendants include Officer George A. Akinjide, Lieutenant James R. Wynne, Jr., Officer Felix O. Osazuwa, Sergeant Sterling F. Jenkins, and Officer Stephanie Thompson.

Anderson's complaint concerns several separate incidents that occurred at the Stringfellow Unit. Anderson complains that, on February 27, 2007, Officer Thompson would not allow him to sign up to attend the law library because he was unable to sign the "log book" on that day. In response to Anderson's step 1 grievance, a supervisory official found no evidence showing that Anderson was denied access to the law library and no evidence of staff misconduct.

Anderson complains that, on March 20, 2007, he was "sitting on the toilet" when the bell rang, signaling time for the routine count. Anderson claims that Officer Osazuwa made him get off the toilet and stand by his bunk so that officers could conduct the count. Anderson contends that this was done in "retaliation" and for purposes of harassment. In response to Anderson's step 1 grievance, a supervisory official found no evidence of retaliation, explaining that "[n]o offender movement is allowed during count time."

Anderson's final claim concerns allegations that three officers disregarded his "slow eating pass." Anderson explains that he has no teeth, but does not qualify for dentures under TDCJ policy. Accordingly, Anderson has a slow eating pass in order to give him additional time to finish a meal. Anderson complains that, on April 5, 2007, Sergeant Jenkins would not let him sit at the first table in the chow hall, which is reserved for handicapped offenders. On April 12, 2007, Lieutenant Jenkins also refused to let Anderson sit at the first table.

Likewise, Officer Akinjide refused to allow Anderson to sit at the first table on May 8, 2007. Anderson complains that, by refusing to allow him to sit with the handicapped offenders, these defendants disregarded his slow eating pass and denied him sufficient time to finish his meals.

Anderson seeks compensatory and punitive damages for the "mental anguish" that he has suffered as a result of the defendants' actions. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v.*

*Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

### A.   Damages for Mental Anguish

Anderson seeks monetary damages for the "mental anguish" that he experienced as a result of the defendants' alleged conduct. To the extent that Anderson seeks compensatory damages, his claims fail as a matter of law because the PLRA, 42 U.S.C. § 1997e(e), bars recovery of these types of damages absent a showing that the plaintiff suffered a physical injury while in custody.[2] In that regard, the Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Anderson does not claim that he suffered any physical injury and he did not require any medical treatment as a result of the defendants' actions. Absent an allegation that Anderson suffered a physical injury in connection with the conduct giving rise to his complaint, his claim for compensatory damages lacks an arguable basis in law and is subject to dismissal for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Geiger*, 404 F.3d at 374.

---

[2]   42 U.S.C. § 1997e(e) provides as follows: "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

### B.     Denial of Access to the Law Library

Anderson complains that, on February 27, 2007, Officer Thompson would not allow him to sign up to attend the law library because he was unable to sign the "log book" on that day. Anderson explains that he was unable to sign the log book because Officer Thompson was using it as a "clip board" at the time, blocking his access.

Liberally construed, Anderson claims that this defendant violated his right of access to courts. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). That right of access to the courts is generally afforded by the First Amendment, the Due Process Clause, and the Equal Protection Clause. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases that demonstrate the "unsettled . . . basis of the constitutional right of access to courts").

A prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351). In that regard, inmates are "not guarantee[d] the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Lewis*, 518 U.S. at 355. Instead, they are merely guaranteed "the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement

6

before the courts." *Id*. Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Inadequate access to a law library, standing alone, does not establish a denial of access to courts. The right of access to courts requires prison administrators to make law library facilities available to inmates or to otherwise provide alternative means to achieve access to courts. *See Bounds*, 430 U.S. at 830. There is, however, no "abstract, freestanding right to a law library or legal assistance," and an inmate cannot demonstrate the requisite actual injury for an access-to-courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. To state a claim, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

In this instance, Anderson complains that he was denied access to the law library on one occasion on February 27, 2007. Anderson does not allege specific facts showing that, by restricting his access on one day, the denial of law library access adversely affected his ability to proceed with a pending case. He does not specify the issues that he wished to research or show that he was unable to present a particular non-frivolous claim before the court. Court records reflect that Anderson had only one lawsuit pending at the time. *See Anderson v. Butler, et al.*, Civil No. G-06-0784 (S.D. Tex.). A review of the docket in that case shows that there were no deadlines in place at the time Anderson allegedly requested

7

leave to attend the law library on February 27, 2007.  Accordingly, Anderson's allegations are insufficient to establish a constitutional violation or to state a claim for which relief can be granted.

### C.     Disregarding Anderson's Slow Eating Pass

Anderson complains that Officer Akinjide, Lieutenant Wynne, and Sergeant Jenkins denied him meals by disregarding his slow eating pass on three occasions in violation of the Eighth Amendment to the United States Constitution.  The prohibition against cruel and unusual punishment found in the Eighth Amendment requires that inmates be provided "'well-balanced meal[s] containing sufficient nutritional value to preserve health." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999);  *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (per curiam) ("To comply with the Constitution, inmates must receive 'reasonably adequate' food.").  "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Berry*, 192 F.3d at 507 (citing *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation."  *See id.*

The deprivation alleged by Anderson in this case falls far below the Eighth Amendment threshold.  According to the pleadings, Anderson was denied meals on three occasions:  April 5, 2007, April 12, 2007, and May 8, 2007.  In *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit held that a prisoner who was allegedly denied dinner on eight occasions over a seven-month span failed

to establish an Eighth Amendment violation. In *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998), the court of appeals expressed doubt that a denial of fifty meals during a five-month period was sufficient to make an Eighth Amendment claim, noting that missing as many meals "is hardly more than that missed by many working citizens over the same period." By contrast, a continuous refusal to provide a prisoner with any food for twelve consecutive days has been held to present a set of facts which may entitle an inmate to relief under the Eighth Amendment. *See Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1082-83 (5th Cir. 1991).

Anderson complained that he was denied a meal because the defendants would not allow him to sit at the first table in the chow hall. In response to Anderson's grievances about this issue, the supervisory official explained that the first table in the chow hall is reserved for handicapped inmates who require the assistance of canes and crutches to walk. Because Anderson does not require a cane or crutch, he is not allowed to sit at this table so that other handicapped inmates can have access to this table. Thus, it does not appear from the pleadings that the defendants denied Anderson a meal or disregarded his slow eating pass. Instead, it appears that Anderson was ordered to move from the first table because his slow eating pass did not meet the criteria.

Anderson, who stands 5 feet 9 inches tall, reports in his more definite statement that his current weight is 190 pounds. Under these circumstances, Anderson's allegation that he was denied meals on three occasions fails to state a violation of the Eighth Amendment. *See*

9

*Berry*, 192 F.3d at 508; *Talib*, 138 F.3d at 214 n.3. Accordingly, his allegations fail to state a claim upon which relief can be granted.

### D. Harassment or Retaliation

Anderson alleges that all of the defendants harassed him in one way or another in retaliation for a lawsuit that he filed against TDCJ. A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). A prisoner's personal belief that retaliation must have been the reason for the adverse action is insufficient to state a valid claim under 42 U.S.C. § 1983. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id.* (internal quotation marks and citations omitted).

Anderson fails to state a claim for retaliation in this instance because he has not adequately alleged a chronology of events that would allow a plausible inference of retaliation. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Anderson claims that he was harassed because of a prior lawsuit against TDCJ. Court records show that, during the time that Anderson claims he was harassed (February 27, 2007 through May 8, 2007), he had only one other lawsuit pending. *See Anderson v. Butler, et al.*, Civil Action No. G-06-0784 (S.D.

Tex.). That lawsuit concerns an incident that occurred at the Stringfellow Unit in October of 2006, and does not involve any of the defendants in this case.[3] Likewise, the record shows that Anderson's other lawsuit was filed on December 13, 2006, but that none of the defendants in that case were served or notified of the suit until February 26, 2008. Thus, Anderson does not allege facts showing that any of the defendants in this case knew of his other lawsuit or that they had any reason to retaliate against him.

Alternatively, Anderson fails to allege facts showing that, but for retaliation, the adverse actions would not have occurred. In that regard, Anderson fails to show that he was not required to attend the count as ordered by Officer Osazuwa on March 20, 2007. Anderson further fails to show that he was entitled to sit at the first table with handicapped offenders or that Officer Akinjide, Lieutenant Wynne, and Sergeant Jenkins lacked a reasonable basis to remove him from that table, which was reserved for inmates who needed canes and crutches. Likewise, Anderson fails to show that, by denying him access to the law library on one occasion, Officer Thompson subjected him to a retaliatory adverse act that was more than *de minimis*. *See Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) (recognizing that "some acts, though perhaps motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights"). Accordingly, Anderson fails to state a valid claim for which relief can be granted and his complaint must be dismissed.

---

[3] The defendants in that case are Joe Butler, Johnny Abraham, Paul Jung, Dianna Eton, Peter Heine, James Mossbarger, Alphonso James, Jr., Charles H. James, Michael Finkbeiner, and Anitha Cherian. *See Anderson v. Butler, et al.*, Civil No. G-06-0784 (Doc. # 1).

**IV. CONCLUSION AND ORDER**

Based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on <u>July 30, 2008</u>

_____
Nancy F. Atlas
United States District Judge